UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LA TOYA JORDAN,

        Plaintiff,

    v.

AMAZON.COM, INC.,

        Defendant.

CASE NO. 2:24-cv-01952-RSL

ORDER OF REMAND

On April 3, 2025, after reviewing defendant's motion to dismiss and plaintiff's complaint, the Court ordered defendant to show cause why this matter should not be remanded to state court for lack of federal jurisdiction. Dkt. # 27. Defendant removed the case from state court based on the assertion that plaintiff's claims arise under federal law. The only two causes of action asserted, however, are based on the Washington Law Against Discrimination ("WLAD").

Article III, § 2 of the Constitution provides that "[t]he judicial Power [of the United States] shall extend ... to all Cases ... arising under this Constitution, the Laws of the United States ... [or] between Citizens of different States." The constitutional grant of authority is not self-executing, and the federal courts rely on the congressional

ORDER OF REMAND - 1

authorization codified at 28 U.S.C. § 1331 to exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807 (1986). Under both provisions, the jurisdiction of the federal courts is limited, and a court is "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Although the constitutional meaning of 'arising under' may extend to all cases in which a federal question is 'an ingredient' of the action, *Osborn v. Bank of the United States*, 9 Wheat. 738, 823, 6 L.Ed. 204 (1824), [the Supreme Court has] long construed the statutory grant of federal-question jurisdiction as conferring a more limited power." *Merrell Dow Pharm.*, 478 U.S. at 807-08.

> While the concept of "arising under" may in some cases be difficult to define:
>
> [t]he most familiar definition of "arising under" jurisdiction is that of Justice Holmes: "A suit arises under the law that creates the cause of action." [*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)] (quoting *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). When a plaintiff's complaint relies on federal law as the source of recovery, it is obvious that the case "arises under" federal law and therefore may be removed to federal court. *Id.* 463 U.S. at 9; *see also* [*Merrell Dow Pharm.*, 478 U.S. at 808] ("[T]he vast majority of cases brought under the general federal-question jurisdiction are those in which federal law creates the cause of action.").

*Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1394 (9th Cir. 1988). Defendant, as the removing party, has the burden of establishing the Court's jurisdiction, and any doubts regarding removability will be resolved in favor of remanding the matter to state court.

ORDER OF REMAND - 2

*See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Plaintiff's complaint states at the outset that defendant is an "employer" within the meaning of Title VII and that the Court has subject matter jurisdiction by virtue of the federal Family Medical Leave Act ("FMLA"). Dkt. # 1-2 at ¶¶ 1.2 and 2.1. While these references surely give the impression that plaintiff "might be asserting at least one federal cause of action, the actual causes of actions stated in the complaint all sound in state law." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343 (9th Cir. 1996) (internal footnote omitted). Defendant clearly understood the complaint to assert only state law claims, having sought dismissal of the action without addressing any federal issues or considering whether plaintiff had exhausted her administrative remedies as would be required before she could file a Title VII claim. Dkt. # 5. The only other reference to federal law is in the prayer for relief section of the complaint, where plaintiff requests attorney's fees and costs under both federal and state law. Dkt. # 1-2 at 27. The Ninth Circuit has deemed this same constellation of references and requests insufficient to establish federal jurisdiction, noting that "[i]t is the nature of the cause of action that is controlling." *Rains*, 80 F.3d 339, 343-44 (9th Cir. 1996).

Plaintiff has not asserted a claim under either Title VII or the FMLA, nor has she alleged facts which could plausibly give rise to such a claim. Unsupported and seemingly extraneous references to federal statutes in the "Parties," "Jurisdiction," and "Relief Requested" sections do not transform the state law causes of action that have actually been

asserted into federal claims. Whether plaintiff is entitled to relief at all and the remedies available to her will be determined with reference to the WLAD, not Title VII or the FMLA. Federal courts "have consistently emphasized that, in exploring the outer reaches of § 1331, determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." *Merrell Dow Pharm.*, 478 U.S. at 810. All three of those considerations support remand. To do otherwise would stretch federal jurisdiction beyond its constitutional, statutory, and systemic limits, requiring a federal court to decide purely state law claims simply because there is an unsupported reference to a federal remedy somewhere in the complaint.

The Clerk of Court is directed to remand this matter to King County Superior Court. Having no jurisdiction over this matter, the Court declines defendant's request that it modify plaintiff's complaint prior to remand.

Dated this 28th day of April, 2025.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER OF REMAND - 4